IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38982-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THUNDER RAY DANZUKA, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Thunder Danzuka appeals from convictions on three counts of

child rape. He seeks reversal on the basis that the trial court commented on the evidence

when including the victim's date of birth in jury instructions. We agree that the trial

court impermissibly commented on the evidence, but conclude the error to be harmless.

FACTS

Because of the issue on appeal, we abbreviate the facts. Victim J.G. was born on

August 2, 2001. Appellant Thunder Danzuka raped J.G. numerous times between 2010

and 2013 either in J.G.'s bedroom or Danzuka's car. During the extended contact, J.G.

was nine to thirteen years old. The last rape occurred after J.G. began menstruation.

PROCEDURE

The State of Washington charged Thunder Danzuka with two counts of first degree rape of a child and one count of second degree rape of a child, with J.G. being the victim in each count. Danzuka's first trial ended with a deadlocked jury and a mistrial.

At the second trial, J.G. testified that her date of birth was August 2, 2001. J.G., J.G.'s sister, and J.G.'s mother all testified that J.G. was twenty years old at the time of trial in 2022.

On cross-examination, Thunder Danzuka's attorney questioned J.G. about her ages at the critical times. Defense counsel referenced a prior police interview:

> Q. [Danzuka's defense attorney:] So you're saying that you didn't respond to him [Detective Grant, a police interviewer] when he asked if the first time is the Christmas Eve one when you were ten years old? Would you like to review this again?
> A. [By J.G.] Sure. I thought I was eleven.
> Q. So that Christmas Eve, you were eleven.
> A. I would have been ten because I said '"Almost eleven.'"
> Q. Did you indicate to Detective Grant that the first time was Christmas Eve?
> A. Well, it was the first time that I was talking about with him because I had talked to him about a couple of them, and he referred to it as "'the Christmas one,'" the first one that I was telling him about.
> Q. Okay. And the last time was in July when you were about twelve, thirteen?
> A. Yes.

Report of Proceedings (RP) at 582.

The to-convict instructions for each rape charge required the jury to find that Thunder Danzuka "had sexual intercourse with J.G., DOB: 08/02/2001." Clerk's Papers

(CP) at 65, 66, 68.  The charging period for the two first degree rape charges extended

from August 2, 2010 to August 2, 2013.  The charging period for the second degree rape

charge extended from August 2, 2013 to August 2, 2015.  Danzuka's attorney did not

object to the to-convict jury instructions.

In closing argument, the prosecuting attorney commented, with regard to the first

charge, for first degree rape:

> We know how old [J.G.] was.  She told you.  She was born August 2nd, 2001.  She was nine years old, turning ten, turning eleven, during that time period.
> . . . .
> . . . [J.G.] was less than twelve at the time of the sexual intercourse. We know it.  She said it.  She was young.  It's Christmas.
> . . . .
> . . . [J.G.] was at these twenty-four months younger than the defendant.  During his interview, he told you his date of birth: July 21st, 1978.  He graduated with [J.G.]'s mother from high school.  He is well more than twenty-four months older.

RP at 868-870.  The State's attorney argued, with regard to the second first degree rape

charge, that J.G.'s testimony established that she had been repeatedly raped after the

Christmas rape.  The prosecutor remarked, with regard to the third charge, for second

degree rape:

> And then the last time, the Rape of a Child in the Second Degree. The only difference for that is the age, that [J.G.] was then over thirteen. She had started her period.  So she's between twelve and fourteen.

RP at 871.

Defense counsel's closing arguments referenced J.G. being ten-years-old when the

3

alleged rapes occurred.

The jury returned guilty verdicts on each charge.

LAW AND ANALYSIS

On appeal, Thunder Danzuka argues that the trial court impermissibly commented on the evidence by including a date for J.G.'s birth on the jury instructions. The State concedes that the trial court erred by including J.G.'s date of birth on the jury instructions but contends the error was harmless. We agree with the State.

Washington's Constitution prohibits a judge from commenting on matters of fact when submitting a case to a jury. WASH. CONST. art. IV, sec. 16. A court that violates this principle may relieve the State of its burden to prove all elements of a criminal charge. *State v. Becker*, 132 Wn.2d 54, 65, 935 P.2d 1321 (1997). Because judicial commentary on the evidence implicates a constitutional right, Thunder Danzuka may raise the issue for the first time on appeal. *State v. Levy*, 156 Wn.2d 709, 719-20, 132 P.3d 1076 (2006).

We agree with Thunder Danzuka that the trial court's inclusion of J.G.'s date of birth on the jury instructions constituted an improper judicial comment on the evidence. The inclusion of a victim's birth date in jury instructions, when the victim's age is an element of a charged crime, constitutes an impermissible judicial comment on the evidence because the jury may infer that the date of birth has been proven by the State. *State v. Jackman*, 156 Wn.2d 736, 743-44, 132 P.3d 136 (2006). Under the first degree

4

child rape statute, the jury was required to find (1) that J.G. was less than twelve years old and (2) that Danzuka was at least twenty-four months older than the victim. RCW 9A.44.073. Under the second degree rape statute, the jury was required to find (1) that J.G. was at least twelve years old but less than fourteen years old and (2) that Danzuka was at least thirty-six months older than the victim. RCW 9A.44.076.

We still must determine whether the inclusion of the birth date caused harm. A judicial comment in a jury instruction is presumed to be prejudicial, and the State carries the burden to show that the defendant was not prejudiced, unless the record affirmatively shows that no prejudice could have resulted. *State v. Levy*, 156 Wn.2d 709, 725 (2006).

Our Supreme Court found reversible error in *State v. Jackman*, 156 Wn.2d 736 (2006), wherein the trial court listed victim birthdates in jury instructions. A jury convicted Ryan Jackman, twenty years old at the time, on charges stemming from sexual acts performed in Jackman's apartment with four boys aged sixteen or seventeen. The crimes involved Jackman's filming of himself and some of the boys masturbating and Jackman's unsuccessful solicitation of oral sex from one of the boys. The Supreme Court concluded that the trial court committed constitutional error. The high court then determined that the inclusion of the birth dates harmed Jackman despite each boy having testified about their correct birth dates and the State having presented corroborating evidence of those dates. Jackman had not disputed the boys' underage statuses at trial,

5

but had argued that he attempted to ascertain their ages before performing the sex acts.

In a footnote, the Supreme Court reasoned:

> The credibility of the victims was an issue at trial because [two of the boys] testified they had lied to Jackman about their ages at the time of the offenses. Thus, the jury could have chosen not to believe their testimony as to their correct birth dates at the time of the events.

*State v. Jackman*, 156 Wn.2d 736, 744 n.7 (2006). Because prejudice could have resulted to Jackman from the jury instruction's inclusion of the birth dates, the Supreme Court reversed the convictions.

*Jackman* suggests that the State faces a high burden to demonstrate that improper inclusion of a birth date in a jury instruction formed harmless error. But the bulk of this court's decisions addressing inclusion of birthdates in jury instructions have found harmless error by contrasting individual circumstances with the facts in *Jackman*.

This court first addressed the question of harmless error in *State v. Zimmerman*, 135 Wn. App. 970, 146 P.3d 1224 (2006). Based on the similarities between the cases, the Supreme Court remanded *Zimmerman* to this court for review in light of the *Jackman* decision. Stoney Zimmerman was convicted of first degree child molestation, but his jury instructions contained the child victim's birth date. Contrasting the case with *Jackman*, this court reasoned:

> [W]hile including J.C.'s birth date in the jury instruction here was an improper judicial comment, the record affirmatively shows the error was not prejudicial. No jury could reasonably conclude that J.C. was over the age of 12 when she and Zimmerman stayed at Harvey's home at the time of

6

the alleged offense. Critical to our conclusion is the fact that Zimmerman is J.C.'s biological father and, even though he denied molesting her, he knew and never disputed knowing her age. Moreover, J.C. testified that her date of birth was July 8, 1990; J.C.'s mother testified that J.C. was born shortly after her 16th birthday which was in June 1990; and defense witness Harvey testified that she believed J.C. turned 10 during the summer of the alleged molestation.

Finally, unlike *Jackman*, there was no dispute regarding J.C.'s age or date of birth at any point during the proceedings. The jury was required to find that the alleged sexual contact occurred between June 1 and July 31, 2001, and that J.C. was less than 12 at the time of the alleged sexual contact. We conclude that even though the jury instructions stated J.C.'s birth date, the record affirmatively demonstrates that no prejudice occurred as a result because no jury could reasonably conclude J.C. was over 12 during the charging period. Therefore, we affirm our decision that the trial court's instructional comment on the evidence was harmless and that Zimmerman is not entitled to a reversal of his conviction.

*State v. Zimmerman*, 135 Wn. App. 970, 975-76 (2006) (footnote omitted).

The circumstances within the prosecution of Thunder Danzuka echo the facts in *State v. Zimmerman*. Danzuka never disputed J.G.'s ages at the times of the rapes. In closing argument, Danzuka's counsel acknowledged that J.G. was ten-years-old when the rapes allegedly began. Unlike in *Jackman*, no evidence suggested that J.G. ever lied about her age. Nothing in the record would have permitted the jury to reasonably conclude that J.G. was an age other than the one advanced in the jury instructions.

CONCLUSION

The reference to the date of birth in the jury instructions constituted harmless error. We affirm the convictions of Thunder Danzuka.

7

No. 38982-1-III
*State v. Danzuka*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.


_____
Fearing, C.J.

WE CONCUR:

_____
Staab, J.

_____
Cooney, J.